IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RICKY DENTON | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-145 |
| WELL PATH, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Ricky Denton, an inmate confined at the United States Penitentiary in Beaumont, Texas, filed this civil action against Well Path and Dr. Luis Ramos. Plaintiff has not paid the filing fee.[1] Therefore, it appears that he is attempting to proceed *in forma pauperis.*

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Analysis

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints. The statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on three or more occasions . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

[1] Plaintiff filed a motion to compel the warden to withdraw funds from his inmate account to pay the filing fee. In the event plaintiff wishes to pay the filing fee from his inmate account, he should direct his request to the proper prison officials.

Section 1915(g) applies to this action because at least three of plaintiff's prior lawsuits or appeals were dismissed as frivolous. *Denton v. Gardner*, No. 3:10-CV-595 (N.D. Ala. 2010) (dismissed for failure to state a claim); *Denton v. Warden*, No. 6:12-CV-231 (E.D. Ky. 2012) (dismissed for failure to state a claim); *Denton v. Colbert Co. Sheriff's Dep't*, No. 3:12-CV-4059 (N.D. Ala. 2012) (dismissed for failure to state a claim); *Denton v. Stokes*, No. 2:12-CV-4145 (N.D. Ala. 2012) (dismissed for failure to state a claim). To meet his burden of showing that he is in imminent danger, plaintiff must allege specific facts demonstrating an ongoing serious physical injury, or a pattern of misconduct that is likely to cause imminent serious physical injury. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague or conclusory allegations are insufficient to meet plaintiff's burden. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

Plaintiff alleges the defendants failed to timely treat the complications he experienced following a surgery. These allegations are insufficient to prove that plaintiff was in imminent danger of serious physical injury when he filed this action. As a result, he is barred from proceeding *in forma pauperis*.

## Recommendation

Plaintiff should be denied leave to proceed *in forma pauperis*. The action should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), unless plaintiff pays the full $402 filing fee within fourteen days.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 20th day of April, 2022.

_____
Zack Hawthorn
United States Magistrate Judge